United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40831
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL MAGANA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:99-CR-392-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Israel Magana appeals the sentence imposed by the district court following the revocation of his term of supervised release.  Magana argues that his sentence exceeds the statutory maximum because it includes a one-year term of supervised release in addition to a two-year term of imprisonment.

A district court may revoke a term of supervised release and require a defendant to return to prison.  18 U.S.C. § 3583(e)(3). Where the offense that resulted in the term of supervised release is a class C felony, as was Magana's 1999 carjacking offense, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant may not be required to serve more than two years in prison.  Id.; see 18 U.S.C. § 3559(a)(3).

Under the provisions of 18 U.S.C. § 3583(h), as that section read at the time of Magana's carjacking offense, the district court was also permitted to impose a term of supervised release to be served after imprisonment, but only when the term of imprisonment was less than the maximum term of imprisonment authorized under § 3583(e)(3).  Section 3583(h) has since been amended; however, the amendment will not be applied retroactively absent a clear statement that Congress so intended.  See Johnson v. United States, 529 U.S. 694, 702-03 (2000).  The Government, citing ex post facto concerns, properly concedes that § 3583(h) must be applied as it read when Magana committed the underlying carjacking offense.

Because Magana was sentenced to the maximum term of imprisonment under 18 U.S.C. § 3583(e)(3), the district court was prohibited under the applicable version of § 3583(h) from imposing a subsequent term of supervised release.  Accordingly, Magana's sentence is vacated and the case is remanded to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.